

March 12, 2024

The Honorable Harvey Bartle, III
United States District Court Judge
Room 12614 - United States Courthouse
601 Market Street
Philadelphia, PA 19106

VIA EMAIL

      RE:   <u>United States v. Jesse Gonzales</u>
              *Criminal No. 21-367-02*
              *Proposed Agreement for Sentence Reduction under Amendment 821*

Dear Judge Bartle:

      Counsel for the defendant and counsel for the government have reviewed this case and determined that the defendant is eligible for a reduction in sentence pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). The parties agree that Mr. Gonzales' guideline range is reduced by the "zero-point" amendment to U.S.S.G. § 4A1.1, which provides for a two-level reduction in offense level for certain defendants who received zero criminal history points. We enclose a proposed Order for the Court's consideration.

      Mr. Gonzales' previous range was 210 to 262 months, based upon a total offense level of 37 and a criminal history category I. He was sentenced to a total term of imprisonment of 28 months, based upon the government's motion for a departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Under the new provision, his total offense level is 35. At criminal history category I, his guideline range is now 168 to 210 months.

      Although a court is generally not permitted to reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, s*ee* U.S.S.G. § 1B1.10(b)(2)(A), that rule does not apply in certain cooperation cases. Where, as here, the defendant received a sentence below the guideline range based on a government motion for a substantial assistance departure from the guideline range and

Philadelphia Office:
Two Penn Center, Suite 1205
1500 JFK Boulevard
Philadelphia, PA 19102
www.hopelefeber.com

New York Office:
101 Avenue of the Americas,
8th Floor
New York, NY 10013
www.nycfederaldefense.com

Honorable Harvey Bartle, III
March 12, 2024
Page 2

the mandatory minimum sentence, and the guideline range exceeded the mandatory minimum sentence, the Court is permitted to grant a comparable reduction from the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B). The parties agree that a comparable reduction from the amended range results in a term of imprisonment of 22 months.[1]

The United States Attorney's Office has reviewed the defendant's offense conduct, criminal history, and background as set forth in the presentence report, along with the BOP disciplinary report for this defendant. The government advises that apart from the information about the defendant's criminal conduct and history which was known and addressed at the initial sentencing in this case, the government is not aware of any other recent conduct which suggests the defendant poses a danger to any person or the community.

Undersigned counsel has consulted with the defendant, who has indicated that he wishes to accept the proposed agreement in lieu of pursuing a motion. A proposed Order is attached for the Court's convenience.

Thank you for your attention to this matter.

Respectfully,

HOPE C. LEFEBER, LLC

By:

_____
HOPE C. LEFEBER, ESQUIRE

---

[1] At sentencing, Mr. Gonzales received a departure from his guideline range of 210 – 262 months' imprisonment to 28 months' imprisonment, meaning his imposed sentence was 13.3% of the bottom of his guideline range (28 / 210 = .133333 or 13.3%). A comparable reduction to 13.3% of the bottom of his amended range of 168 months imprisonment is approximately 22 months (13.3% * 168 = 22.399, rounded down to 22 months).

Honorable Harvey Bartle, III
March 12, 2024
Page 3

    Cc:  Matthew Newcomer, AUSA (via email)